Pattison *v.* Skillman.

## WALWORTH PATTISON et al.

*v.*

## WILLIAM H. SKILLMAN, JR.

1. A release to the defendant by one of two complainants of all his interest in the subject matter of the litigation, executed *pendente lite,* defeats the other complainant's right of action.

2. Where the object of the suit is to recover certain documents belonging to complainants, and essential to their rights in an action at law, this court will not order the defendant to produce them if the proof that they are in his possession or control is not clear, or it is shown that he willfully put them away in order to obstruct justice.

3. If the defendant was merely the agent of complainants in the original transaction, and his attorney is alleged by complainants to have possession of the documents, then such attorney ought to be a party to this suit.

On bill to compel the surrender of chattels, alleged to be of peculiar value.

NOTE.—The following cases show when a release by one of several plaintiffs, obligees &c., may be proved by the defendant:

By partners, *Story on Partn.* (*7th ed.*) § *115; Piercy* v. *Fynney, L. R.* (*12 Eq.*) *69; Pierson* v. *Hooker, 3 Johns. 68; Beltzhoover* v. *Stockton, 4 Cranch C. C. 695; Perlberg* v. *Gorham, 10 Cal. 120; Gates* v. *Pollock, 5 Jones 344; Emerson* v. *Knower, 8 Pick. 63; Smith* v. *Stone, 4 Gill & Johns. 310;* even after the partnership has been dissolved, *Arton* v. *Booth, 4 Moore 192; Nottidge* v. *Prichard, 2 Cl. & Fin. 379;* see *Henderson* v. *Wild, 2 Camp. 561;* and although the releasing partner had no authority, *Salmon* v. *Davis, 4 Binn. 375;* see *Gram* v. *Cadwell, 5 Cow. 489; Emerson* v. *Baylies, 19 Pick. 55; Hawkshaw* v. *Parkins, 2 Swanst. 539; Bendel* v. *Hetrick, 3 Jones & Sp. 405; Walmesbury* v. *Cooper, 11 Ad. & El. 216.*

By tenants in common, *Austin* v. *Hall, 13 Johns. 286; Decker* v. *Livingston, 15 Johns. 479; Kimball* v. *Wilson, 3 N. H. 96; Caverly* v. *Jones, 23 N. H. 573;* see *Smith* v. *Wiley, 22 Ala. 396; Clark* v. *Dinsmore, 5 N. H. 136; Fletcher* v. *Crowell, 42 Wis. 341; Grossman* v. *Lauber, 29 Ind. 618; Wilson* v. *Gamble, 9 N. H. 74; Irwin* v. *Brown, 35 Pa. St. 331; Parker* v. *Elder, 11 Humph. 546;* but not by joint tenants, *Bulstrod* v. *Letchmere, Freem. Ch. 6;* see *Robinson* v. *Hoffman, 4 Bing. 562;* nor by one of two lessors, *Jackson* v. *McClaskey, 2 Wend. 541;* see *Buckner* v. *Beard, 32 La. Ann. 226;* nor by two of three lessees, *Eisenhart* v. *Slaymaker, 14 Serg. & R. 153;* see *Rick* v. *Gilson, 1 Pa. St. 54;* nor by tenants in common of a chattel, *Gock* v. *Keneda, 29 Barb. 120; James*

Pattison v. Skillman.

*Messrs. Bartine & Griggs*, for complainants.

*Mr. John Schomp*, for defendant.

Bird, V. C.

The legal principle on which the allegations in this bill rest is to be found in *Pattison* v. *Skillman, 7 Stew. Eq. 344*. The allegations of the bill are that the complainants were the owners of certain letters and other written instruments of great and peculiar value to them in establishing their claim of title to lands, and that they delivered those papers to the defendant in order that he might carry out a promise made to them that he would take them and ascertain their rights in the said lands, and that he has failed to make the necessary investigation, and refuses, on demand, to surrender the papers. On demurrer, the chancellor held the bill good.

My duty is to deal with the facts as established, and to de-

v. *Aiken, 47 Vt. 23 ; Stapleton* v. *King, 33 Iowa 28 ;* see *Bradley* v. *Boynton, 22 Me. 287 ; Brizendine* v. *Frankfort Co., 2 B. Mon. 32 ; Perlberg* v. *Gorham, 23 Cal. 349 ; Phillips* v. *Clagett, 11 M. & W. 84.*

By the payees of a promissory note, *Brooks* v. *Stuart, 9 Ad. & El. 854 ; Weakly* v. *Hall, 13 Ohio 167 ;* or chose in action, *Gray* v. *Wilson, Meigs 394 ; Soule* v. *Mogg, 35 Hun 79.*

By the owners of a vessel, *Lunt* v. *Stevens, 24 Me. 534 ; Hall* v. *Gray, 54 Me. 230 ; Myrick* v. *Dame, 9 Cush. 248 ;* see *Holyoke* v. *Loud, 69 Me. 59.*

By a committee, *Rawstorne* v. *Gandell, 15 M. & W. 304 ; Darling* v. *Simpson, 15 Me. 175.*

By obligees, *Clark* v. *Patton, 4 J. J. Marsh. 33 ; Southwick* v. *Hopkins, 47 Me. 362 ; Sweigert* v. *Berk, 8 Serg. & R. 308 ;* see *Upjohn* v. *Ewing, 2 Ohio St. 13.*

By covenantees, *Fitch* v. *Forman, 14 Johns. 172 ;* see *Blakey* v. *Blakey, 2 Dana 460 ; Holland* v. *Weld, 3 Me. 255.*

By mortgagees, *Hubbard* v. *Jasinski, 46 Ill. 160 ; People* v. *Keyser, 28 N. Y. 226.*

By assignees in bankruptcy, *Johnson* v. *Holdsworth, 4 Dowl. K. B. 63.*

By insurance policy holders, *Lumberman's Ins. Co.* v. *Preble, 50 Ill. 332 ; Wilkinson* v. *Lindo, 7 M. & W. 81 ;* see *Starks* v. *Skies, 3 Gray 609.*

By executors, *2 Wms. on Exrs. (7th ed.) 946 ; Herbert* v. *Pigott, 2 Cr. & M. 384 ; Anon, 1 Chit. 391 note ; Ewing* v. *Handley, 4 Litt. 346, 14 Am. Dec. 158 note ; Bryan* v. *Thompson, 7 J. J. Marsh. 586 ; Woodruff* v. *Mutschler, 7 Stew. Eq. 34, 35 note ;* and administrators, *Murray* v. *Blatchford, 1 Wend. 583 ; Gage* v. *Johnson, 1 McCord 492 ;* but not by trustees, *Mountstephen* v. *Brooke, 1 C hit.*

termine whether or not the complainant, now with the proof
before me, stands within the scope of his pleadings. As to the
value of the papers, I am not left in the slightest doubt; for the
defendant says that they are of some value in reference to the
claim of the complainants to the land referred to.

There are two other phases of the question not so clearly in
favor of the complainants; indeed, they create so much doubt
that I am unable to advise a decree for complainants. The
defendant produces a release from one of the complainants to
himself, by which he transfers to the defendant all his interest in
the premises; this would, perhaps, defeat the other complainant
in his asking, as the bill is now framed. Supposing, however,
that this difficulty could be overcome by proper averments and
prayers, the other point of difficulty remains; and that is, the
inability of the court to make its decree effectual in case it direct
the defendant to surrender the specific papers.

The papers were taken by the defendant to an attorney-at-law

*390 ;* Pearce v. Savage, *51 Me. 410 ;* see Emery v. Mucklow, *10 Bing. 23 ;* Van
Rensselaer v. Akin, *22 Wend. 549 ;* Sinclair v. Jackson, *8 Cow. 543 ;* 1 Perry on
Trusts *(3d ed.)* ? *334 ;* Bockes v. Hathorn, *78 N. Y. 222.*

By husband and wife, *2 Cord on Mar. Wom. (2d ed.)* ?? *1441–1446.;* South-
worth v. Packard, *7 Mass. 95 ;* see Chamberlain v. Hewson, *1 Salk. 115 ;* Sewel v.
Reignalls, *March 73 ;* Innell v. Newman, *4 B. & Ald. 419 ;* Rogers v. Acaster, *14
Beav. 445 ;* Long v. Morrison, *14 Ind. 595 ;* Schooler v. Schooler, *18 Mo. App.
69 ;* Regnand v. Memphis Ins Co., *7 Bax. 279.*

By plaintiffs in error, Gresby v. Lea, *Palm. 319 ;* Razing v. Ruddock, *Cro.
Eliz. 648 ;* Blunt v. Snedston, *Cro. Jac. 116 ;* Ruddock's Case, *6 Co. 25 ;* Ellis v.
Ballard, *11 Cush. 496 ;* see Hacket v. Herne, *3 Mod. 135 ;* Kent v. Freehold Land
Co., L. R. *(3 Ch. App.) 493 ;* Gallagher v. Jackson, *1 Serg. & R. 492 ;* Hen-
trickson v. Van Winkle, *21 Ill. 274 ;* Clark v. Goodwin, *1 Blackf. 74 ;* Reno v.
Davis, *4 Hen. & Munf. 283 ;* Bonner v. Campbell, *48 Pa. St. 286 ;* Todd v.
Daniel, *16 Pet. 521.*

By plaintiffs in an action for deceit, Woodbury v. Deloss, *65 Barb. 501.*

Fraud in obtaining such a release vitiates it, Jones v. Herbert, *7 Taunt. 421 ;*
Crook v. Stephen, *5 Bing. N. C. 688, 7 Scott 848 ;* Furnival v. Weston, *7 Moore
356 ;* Wild v. Williams, *6 M. & W. 490 ;* Barker v. Richardson, *1 Y. & J. 362 ;*
Sargent v. Weldlake, *11 C. B. 732.*

For the practice, see De Pothonier v. De Mattos, *El., Bl. & El. 461 ;* McAl-
pine v. Carling, *8 Can. P. R. 171 ;* Eastman v. Wright, *6 Pick. 316 ;* Wisheart
v. Legro, *33 N. H. 177.*—Rep.

Pattison v. Skillman.

(whose name was given to the complainants, or to one of them) for the purpose of prosecuting his inquiries respecting the claim of title. They passed from him to another attorney for the same purpose. This last attorney died while he had the possession of the papers. The papers cannot now be found. From the testimony I infer, but cannot so adjudge, that they are in the attorney's safe; but as yet they have not been reached. With this fact, and without proof to satisfy me that the defendant has it in his power to produce the papers, or that he has willfully put them away to obstruct justice, I certainly ought not to advise a decree which would prove wholly inefficacious to the complainant, however much the court might punish the defendant for disobedience.

It is not devoid of interest or profit to observe that the defendant, according to the complainants' own showing, was simply an agent; and, after the expiration of a reasonable time (such as must have elapsed to warrant the filing of this bill), the complainants were entitled to revoke the agency, and demand the papers either of the agent or of any one else who might have possessed them. I think this will not be disputed, which, being so, the complainants had the right to make claim of their papers of either or both of the attorneys. If the theory of the bill be true, that the defendant has no longer any right, as against the complainants, to the papers, then the attorneys, his agents, certainly have no rights as against the complainants. Then, it would seem quite manifest, that the agent or attorney who had the actual possession of the papers at the time of the filing of the bill ought to have been made a party. Were he before the court, the court might command him with a reasonable probability of enforcing its decrees.

I will advise that the complainants' bill be dismissed, with costs.